DIESEL INJECTION SALES & SERVICE, INC., Appellant,

v.

Kevin RENFRO and Schwing Diesel Company, Inc., Appellees.

No. 1898.

Court of Civil Appeals of Texas, Corpus Christi.

June 25, 1981.

Rehearing Denied July 16, 1981.

Andrew J. Lehrman, Sorrell, Anderson, Sorrell & Chachere, Corpus Christi, for appellant.

Ron Barroso, Banales, Cavada, Barroso & Laurel, Corpus Christi, for appellees.

## OPINION

BISSETT, Justice.

Diesel Injection Sales & Service, Inc., appeals from the denial of a temporary injunction against Kevin Renfro and Schwing Diesel Company, Inc., [hereinafter "Diesel Injection"], to enforce a noncompetition covenant in Renfro's employment contract.[1]

Diesel Injection's application for temporary injunction alleged a violation of the contractual covenant. In its appeal, it challenges the sufficiency of the evidence to support several of the Findings of Fact and Conclusions of Law filed by the trial judge, and further complains that the trial court abused its discretion in refusing to grant a temporary injunction.

■ A temporary injunction has as its main function the maintenance of the status quo of the subject matter of the lawsuit in order that the trial court's ability to render a final decision on the merits will be preserved. In order for an applicant to prevail on his application for the issuance of a temporary injunction, he must 1) plead a cause of action; 2) prove a probable right to relief on a final trial; and, 3) prove a probable injury in the interim. *Sun Oil Company v. Whitaker*, 424 S.W.2d 216 (Tex. 1968); *Transport Co. of Texas v. Robertson Transports*, 152 Tex. 551, 261 S.W.2d 549 (1953).

■ The trial court is vested with great discretion in granting or denying a temporary injunction, and its decision will not be disturbed on appeal unless a clear abuse of discretion is shown. *Davis v. Huey*, 571 S.W.2d 859 (Tex.1978); *Texas Foundries v. International Moulders & Foundry Workers' Union*, 151 Tex. 239, 248 S.W.2d 460 (1952). In reviewing an order either granting or denying a temporary injunction, we should indulge in all legitimate inferences from the evidence in a light most favorable to the trial court's judgment, even though we may disapprove of the reasons given by a trial court for granting or denying the same. *Hartwell's Office World v. Systex Corp.*, 598 S.W.2d 636 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.); *Smith Protective Services, Inc. v. Robertson*, 560 S.W.2d 174 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ).

Among the findings of fact, are the following:

"9. No trade secrets or secret techniques exist in the diesel pump repair business that Plaintiff and Defendants are involved in.

10. The methods used by both Defendants and Plaintiff to repair diesel pumps were matters of general knowledge, generally available in the diesel repair business.

11. The Defendant Renfro did not divert any customers from the Plaintiff when Renfro left Plaintiff's employment and began working for Defendant Schwing.

12. The Defendant Schwing did not acquire any new work techniques, customers or customer contacts as a result of his employment of the Defendant Renfro.

13. The Plaintiff did not lose any customers or business as a result of Defendant Renfro's employment with Defendant Schwing."

Diesel Injection is engaged in the business of diesel engine repair work involving diesel injection systems on diesel engines or turbochargers, as well as offering over the

1. "5. EMPLOYEE agrees and acknowledges that because of the competitive nature of EMPLOYER'S business, EMPLOYEE'S acquaintance with the customers and trade area of EMPLOYER, EMPLOYEE'S familiarity with the technical information concerning the methods, procedures and techniques used by the EMPLOYER in its diesel fuel injection service, and the training given to the EMPLOYEE as to the methods, procedures and the techniques used by EMPLOYER, that he, EMPLOYEE, will not, while employed by EMPLOYER and for a two year period after termination of his employment with EMPLOYER, for any reason whatsoever, directly or indirectly, for himself solely, or on behalf of or in conjunction with any other person, persons, company, partnership or corporation:

(a) Divulge to another the methods, procedures, or techniques employed by EMPLOYER in his diesel fuel injection service;

(b) Engage in the diesel fuel injection business in Nueces County, Texas";

counter sales of filters and related diesel parts. In 1966, Renfro began work for it as a mechanic. On February 22, 1979, approximately thirteen years later, the involved employment contract was executed between Renfro and Diesel Injection. During November 1980, Renfro terminated the employment contract and went to work for Schwing Diesel Company, Inc. (Schwing Diesel).

During his years of service for Diesel Injection, Renfro had risen to the position of shop foreman. During his normal duties as a shop foreman, Renfro had substantially no contact with customers of his employer. Customers were handled through a front desk, and these salesmen delivered the engines in need of repair to the mechanic in the shop. Renfro's only contact with the customers was on weekends when no salesman was at the front desk. Renfro testified that he did not solicit any customers of Diesel Injection after he terminated his employment and went to work for Schwing Diesel. Frank Schwing, part owner of Schwing Diesel, testified that as a result of having employed Renfro, Schwing Diesel had not received any additional business, Renfro had not brought Schwing Diesel any new customers, nor had Schwing Diesel obtained any new techniques, procedures or secrets.

Alton Koenning, the owner of Diesel Injection, testified that his company kept a book at its shop which described how to make certain repairs which he considered a trade secret, and that Renfro had obtained such trade secret. The testimony of both Renfro and Schwing, however, was that they had never used this book. Koenning also testified that customer lists and pricing policies had been pirated away by Renfro. Again, both Renfro and Schwing denied any use of customer lists or pricing schedules of Diesel Injection.

It matters not whether the Conclusions of Law are supported by evidence. We are concerned only with whether a correct judgment was rendered for it is well settled that the judgment of the trial court should be affirmed if it is the judgment which should have been rendered, even though the trial court assigned the wrong reasons as the basis for such judgment. *Harvey v. Elder*, 191 S.W.2d 686 (Tex.Civ.App.—San Antonio 1945, writ ref'd); *Messer v. County of Refugio*, 435 S.W.2d 220 (Tex.Civ.App.—Corpus Christi 1968, writ ref'd, n.r.e.).

■ We have reviewed the evidence and have determined that Diesel Injection has pled a cause of action and may have shown a probable right to relief on the merits, but has failed to show a probable injury in the interim. This is not a case where the terminating employee has gone out and solicited prior customers of his employer. *Justin Belt Company v. Yost*, 502 S.W.2d 681 (Tex. 1973); *Whites v. Star Engraving Company*, 480 S.W.2d 757 (Tex.Civ.App.—Corpus Christi 1972, no writ). Neither is this a case of an employee taking trade secrets from his employer and using them in direct competition. *Weed Eater, Inc. v. Dowling*, 562 S.W.2d 898 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.); *Ventura Manufacturing Company v. Locke*, 454 S.W.2d 431 (Tex.Civ.App.—San Antonio 1970, no writ). Renfro is merely an experienced mechanic who has learned his skills from many years of employment with Diesel Injection, his former employer. While the loss of this valuable employee may be detrimental to Diesel Injection's business, the resulting injury, if any, as shown by the record in this case, is insufficient to warrant the granting of Diesel Injection's application for a temporary injunction.

The denial of the temporary injunction in this case did not constitute an abuse of discretion by the trial court. There is ample evidence to support the judgment. We have carefully reviewed the record and have considered all points of error which have been brought forward by plaintiff. All points are overruled.

The judgment of the trial court is AFFIRMED.