DRESSER INDUSTRIES, INC., Appellant,

v.

FORSCAN CORPORATION, et al., Appellee.

No. A14–82–046–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 12, 1982.

D. Arlon Groves, Bard, Groves, Sroufe, Ryerson & Jackson, Houston, for appellant.

David D. Peden, Jr., Ritchie & Greenberg, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and PRICE, JJ.

## OPINION

PRICE, Justice.

Dresser Industries, Inc., appellant, appeals from the granting of a temporary injunction against Forscan Corporation and Piero Wolk, appellee, to provide notice upon delivery to buyers of appellee's compensated density well logging system that certain features of the system are the subject of pending litigation. We hold that appellant has not complied with Tex.R.Civ.P. 377(d) and that on the basis of the partial record before us we cannot say the evidence shows the trial court abused its discretion. We affirm.

Appellant's application for temporary injunction alleged a misappropriation and misuse of trade secrets and confidential information, unfair competition and assignment of invention rights as well as breaches of employment agreements. In its appeal, it challenges the granting of the injunction, complaining that the trial court should have granted more extensive relief, namely the restriction of the sale or delivery of such equipment.

We summarize the facts for clarity. Mr. Piero Wolk was employed directly by appellant from 1964 to mid-1975 and as a consultant until December 1975. His employment included training in ballistics, log interpretation and in operation of logging instruments. Mr. Wolk formed National K Works, Inc. in March of 1976 and Forscan Corporation in November of 1979. Mr. Heinz Lichtenberg was employed directly by appellant from 1960 to 1962 in the logging department and then from 1969 to 1979 (from 1970–1979 he was in the electronic and nuclear systems department) and as a consultant primarily in the design of surface and subsurface well logging instrumentation until 1980. During the time Mr. Lichtenberg was employed as a consultant to appellants he designed the electronics portion of the Forscan compensated density tool. Appellant claims that in the design of this compensated density tool appellees and Lichtenberg utilized appellant's confidential information and trade secrets. Appellant also contends it has a valid assignment of invention rights from Lichtenberg; the subject to this claim of right is the linear motion transducer (LMT), a component of the compensated density tool. Appellees, as well as Lichtenberg in his testimony, deny an appropriation of any trade secrets or confidential information or the taking of any of appellant's plans, drawings or designs. Appellee further argues that the LMT developed by Lichtenberg while he was employed at Dresser was the subject of two separate patent applications, both of which were denied because of prior patent grants. Prior to the temporary injunction hearing, Heinz D. Lichtenberg, and his company, H.D.L. Research Lab, Inc., defendants in the trial court below, entered into a consent judgment and are not parties to this appeal. Appellant sells the logging information service which utilizes its tool whereas appellees sell their tool which they manufacture.

The appeal of this case was accelerated pursuant to Tex.R.Civ.P. 385(a)(1). This court also granted appellant's motion to accelerate oral submission. In an accelerated appeal, the record and the bond are to be filed with the appellate court within thirty days after the order is signed. Tex.R.Civ.P. 385(d). In the instant case, therefore, the last day for the record to have been filed was February 3, 1982, since the order was signed on January 4, 1982.

Appellant has provided this Court with only a partial statement of facts. Appellees argue that where there is only a partial statement of facts the appellate court is required to presume that the evidence supports the judgment of the trial court below, citing *Levitz Furniture Company v. State,* 471 S.W.2d 452 (Tex.Civ.App.—Waco 1971, writ ref'd n.r.e.). Appellant, in its reply brief, argued that it filed a statement of points to be relied on for appeal in the trial court and attached a copy of these points which were labeled as an exhibit to its reply brief. The transcript filed in this court on January 27, 1982, does not include the statement. However, appellant argues that Tex.R.Civ.P. 377(d) should apply which reads as follows:

(d) If appellant requests or prepares a partial statement of facts, *he shall include in his request or proposal a statement of the points to be relied on and shall thereafter be limited to such points.* If such statement is filed, there shall be a presumption on appeal that nothing omitted from the record is relevant to any of the points specified or to the disposition of the appeal. Appellee may designate additional portions of the evidence to be included in the statement of facts. (Emphasis added).

Therefore, appellant argues that because he designated the points to be relied on for appeal the presumption should apply that nothing relevant is omitted from the partial statement of facts.

The initial sentence of Rule 377(d) states that the points to be relied on by appellant *shall* be included in appellant's request for a statement of facts. The original transcript and record on appeal did not indicate what request, if any, for the statement of facts was filed. As previously mentioned, the original transcript also did not include the designation of points of appeal to be relied on nor was the date of the filing of this instrument shown.

Pursuant to Tex.R.Civ.P. 428 we directed that a supplemental record be filed showing all requests for statement of facts made by appellant, the statement of points relied on for appeal, and their respective dates of filing as we deemed these matters material to the appeal. That record has now been supplemented and shows that no written request for the original statement of facts was filed in the present case and that appellant originally obtained a partial statement of facts containing only the testimony of Heinz D. Lichtenberg and appellant's exhibits. There is also no showing that appellees were given notice of this fact at that time. That partial statement of facts was certified by the court reporter on January 15, 1982, and filed with the clerk of this court on February 3, 1982. By a letter dated January 21, 1982, appellant filed a request for a supplemental partial statement of facts to include the testimony of Mr. Billy Wilson and the portion of Wolk's testimony relating to the imminent business failure of Forscan Corporation if delivery of density tools was not commenced immediately. Specifically excluded were the testimony of Dr. Harry Chemin, the remainder of Wolk's testimony and appellee's exhibits. A copy of the supplemental request was mailed to appellee but still no statement of the designation of points to be relied on for appeal was made or filed at that time. The supplemental statement of facts was also filed on February 3, 1982, the last day for filing the record.

Appellant's designation of points of error was filed in the trial court on February 3, 1982, the last day for filing of the record in this appellate court. The designation of points relied on not only was not filed with the request for a supplemental partial statement of facts as required by Rule 377(d), but it was also not filed in the trial court until the record was filed in the appellate court on the last day permitted for the filing of the record. The record filed in this court on that last day did not include the designation of points of error because such designation had not been filed.

The designation of points of error filed in the trial court on February 3, 1982, noted that a copy was being mailed to attorney for the appellees on that date so that the attorney for the appellee would have received the designation after the time of filing the record was past due. Furthermore, since no designated points were evident in the record for a supplemental partial statement of facts, appellant had no duty or obligation to anticipate one would be filed later. Appellee had ten days pursuant to Tex.R.Civ.P. 377(c) to designate additional portions of the evidence to be included but he was under no duty to do so for he was not obligated to anticipate that a designation of points to be relied on for appeal would be filed by appellant. The time for filing the record was past due before there ever arose an occasion or need for appellees to request additional portions of the evidence to be included. Therefore, we find that appellant did not comply with the pro-

visions of Tex.R.Civ.P. 377(d) by failing to timely designate those points in his request for a statement of facts, and the presumption that the omitted material is irrelevant does not apply. While we believe an efficient purpose is to be served by the application of Rule 377(d), and we support the application of that rule, we also believe that the presumptions are of such magnitude that strict compliance with the rule by the party seeking to invoke it is necessary in order to activate those presumptions. The rule is simply and unambiguously stated; the circumstances for its application are also unequivocal. One of the most important reasons for the clear wording of the rule is to avoid the occurrence of the very matters that did occur in the instant case. To claim the benefit of the presumption enunciated in Tex.R.Civ.P. 377(d), we believe it is incumbent on appellant to include in the record filed the necessary documents to demonstrate his compliance with the rule. In this case, appellant neither complied with the rule nor did it include any documents in the record to demonstrate its compliance.

In addition, the designated points to be relied on for appeal differ from the points of error argued in appellant's brief. Point one in the designated points asserts that the trial court erred in concluding that the employment agreement between Lichtenberg and appellant was not enforceable on the basis of appellant's exhibit number two, an employee invention agreement dated August 25, 1971, whereas appellant's brief, on this same point, relies on exhibits one *and* two, one being a consultant agreement dated August 28, 1979. Point two in the designated points asserts that the trial court erroneously concluded that the said employment contract (again using the singular), was not, as a matter of law, sufficient to support temporarily enjoining appellees from making delivery of compensated density tools which contain electric and electronic components and circuitry designed by said Lichtenberg. The corresponding point in appellant's brief again relies upon appellants' exhibits one *and* two to argue that the trial court erroneously

found that the breach of employment agreements between Lichtenberg and appellant is not, as a matter of law, sufficient to support the injunctive relief sought by appellant. Point three in the designated points speaks to the trial court's erroneous conclusion that disclosure of appellant's trade secrets embodied in appellee's compensated density tools would not do sufficient harm to appellant to outweigh the harm which could be caused by enjoining appellees. Point four, the corresponding point in appellant's brief, states disclosure of appellant's confidential information embodied in appellant's oil well logging tools rather than appellant's trade secrets. Appellant conceded on oral argument that trade secrets is a more restrictive term than confidential information. They are not synonymous terms. Finally, point four of the designated points states that the trial court erroneously concluded that the sale of appellant's tools would not disclose the trade secrets of appellant embodied therein whereas point three, the corresponding point in appellant's brief, asserts the sale of appellant's oil well logging tools would disclose appellant's confidential information. Again, the term "confidential information" conceded by appellant as a broader term, is used rather than the term "trade secrets." These discrepancies further discourage us from finding that appellant has complied with Tex.R.Civ.P. 377(d) which states: "If appellant requests or prepares a partial statement of facts, he shall include in his request or proposal a statement of points to be relied on and *shall thereafter be limited to such points.*" (Emphasis added.) Appellant's points of error in his brief do not coincide with those which were proposed in his statement of points to be relied upon for appeal. Therefore, nothing is presented for review as applied under Rule 377(d).

In view of our finding that appellant has not complied with Tex.R.Civ.P. 377(d), the appeal will be treated as one in which a partial statement of facts has been brought up by appellant. Where only a partial statement of facts is submitted it must be presumed on appeal that the evidence omit-

ted supports the verdict and the judgment of the trial court. *Levitz Furniture Co. v. State,* 471 S.W.2d 452, 454 (Tex.Civ.App.—Waco 1971, writ ref'd n.r.e.); *see also Perez v. McHazlett,* 588 S.W.2d 807 (Tex.Civ.App.—San Antonio 1979) and *Cress v. Jenkins,* 566 S.W.2d 706 (Tex.Civ.App.—Waco 1978).

Further, in the case at bar no findings of fact or conclusions of law were requested. Appellant urges that Tex.R.Civ.P. 385(b) does not require the filing of findings of fact and conclusions of law from interlocutory orders. While such findings of fact and conclusions of law may not be mandated, the cases hold that, nevertheless, the lack of findings and conclusions invokes the rule that "[w]here findings of fact and conclusions of law are not properly requested and none are filed, the judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence." *Lassiter v. Bliss,* 559 S.W.2d 353, 358 (Tex.1977). *See also: Southwestern Newspapers Corporation v. Curtis,* 584 S.W.2d 362, 366 (Tex.Civ.App.—Amarillo 1979), wherein no findings of fact or conclusions of law were filed in the appeal of a denial of a temporary injunction and *Beef Cattle Co. v. Scott,* 613 S.W.2d 318 (Tex.Civ.App.—Amarillo 1981), wherein no findings of fact or conclusions of law were filed in a case involving a plea of privilege.

■ "A temporary injunction has as its main function the maintenance of the status quo of the subject matter of the lawsuit in order that the trial court's ability to render a final decision on the merits will be preserved." *Diesel Injection Sales and Service, Inc. v. Renfro,* 619 S.W.2d 20, 21 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.). In order for applicants to prevail on their application for the issuance of a temporary injunction, they must: (1) plead a cause of action, (2) prove a probable right to relief in a final trial, and (3) prove a probable injury in the interim. *Diesel Injection Sales and Service Inc. v. Renfro, supra; Sun Oil Company v. Whitaker,* 424 S.W.2d 216 (Tex.1968).

■ The trial court is vested with great discretion in granting or denying a tempo-rary injunction, and its decision will not be disturbed on appeal unless a clear abuse of discretion can be shown. *Davis v. Huey,* 571 S.W.2d 859 (Tex.1978); *Texas Foundries v. International Molders & Foundry Workers' Union,* 151 Tex. 239, 248 S.W.2d 460 (1952). In reviewing an order either granting or denying a temporary injunction, we should indulge in all legitimate inferences from the evidence in a light most favorable to the trial court's judgment, even though the appellate court may disapprove of the reasons given by the trial court for denying or granting the same. *Diesel Injection Sales and Service, Inc. v. Renfro, supra; Hartwell's Office World, Inc. v. Systex Corporation,* 598 S.W.2d 636 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.).

■ Appellee argues that when no findings of fact or conclusions of law are filed we must presume that the trial court's action in granting the temporary injunction was not an abuse of discretion, unless the trial court's order reveals fundamental error, citing the *United Farm Workers, AFL-CIO v. H.E. Butt Grocery Co.,* 590 S.W.2d 600 (Tex.Civ.App.—Corpus Christi 1979, no writ). In *The United Farm Workers* case and the case cited by that court in support of its proposition, *Morin v. Morin,* 561 S.W.2d 263 (Tex.Civ.App.—Corpus Christi 1978, no writ), there were no findings of fact or conclusions of law and and *no* statement of facts unlike the case at bar where the appellate court has before it a partial statement of facts. Fundamental error is not the standard to be employed in an appellate review of a trial court's injunction. Furthermore, as we have just enunciated, it has long been the law in the appeal of interlocutory orders that the proper scope of review is whether the trial court abused its discretion. *Davis v. Huey,* 571 S.W.2d 859 (Tex.1978).

■ We cannot say that the evidence shows that the trial court abused its discretion. Appellant urges that *Airkem of North Texas, Inc. v. Lovelace,* 387 S.W.2d 485 (Tex.Civ.App.—Dallas 1965, no writ) is

controlling, namely that the trial court's failure to properly apply the law to the undisputed facts is an abuse of discretion for which the judgment of the trial court may be reversed. However, unlike the case at bar, the appellate court in *Airkem* found that the facts were undisputed.

The partial record renders this court now unable to judge what is a disputed fact and what is not. Even with the testimony brought forward by appellant, the evidence does not show the facts to be undisputed. It shows that appellee Wolk had access to the information in the early 1970's and that the possibility of access existed for Mr. Lichtenberg. With regard to the appropriation of trade secrets appellant has not contended that the Forscan tool is identical to that of appellant's; appellant's own characterization of the Forscan tool is that it is similar to its own and that its similarity must be more than coincidental though no direct evidence of the use of confidential information or trade secrets by appellees is offered. Appellant has further only characterized 25 of 1000 components of the tool as being similar. Appellees say there are only 3 component similarities, and that those similarities as well as the rest of the development and design of its tool was the result of independent knowledge, skills and experience and not through the use or appropriation of any confidential information or trade secrets. The linear motion transducer, claimed by appellant as subject to its claim for invention rights, is argued by appellee as the subject of two separate patent applications, both of which were denied because of prior patent grants.

We are unable to review the entire record as required in passing upon the points asserted by appellant. The statement of facts filed herein does not contain any of the appellee's exhibits. In addition, only excerpts from the testimony of Piero Wolk have been furnished to this court, and the testimony of other witnesses is not included. On the basis of the record before us, we cannot say that the evidence shows that the trial court abused its discretion.

The judgment is affirmed.