**TEXAS CONSTRUCTION GROUP, INC., et al, Appellants,**

v.

**CITY OF PASADENA, et al, Appellees.**

**No. A14–83–601CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 15, 1983.

Rehearing Denied Jan. 12, 1984.

Sidney J. Braquet, Washington & Randle, Roger Rider, Mayor, Day & Caldwell, Houston, for appellants.

John Ray Harrison, Daniel C. Pappas, Kissner & Pappas, Houston, Lee Clark, Asst. City Atty., Pasadena, for appellees.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

ELLIS, Justice.

Texas Construction Group, Inc., Matterhorn, Inc., and the Housing Authority of the City of Houston ("HACH") appeal from an order granting a temporary injunction in favor of the City of Pasadena and intervenors, Paul R. Priddy, Frances Carmical, and Lewis Rockwell, to enjoin them from building a low-income housing project in the 1400 to 1600 block of Allen-Genoa Road in Harris County, Texas. We affirm.

Appellees sought a temporary injunction from the trial court on June 1, 1983, following approval of the housing project by the HACH Board of Commissioners in May 1983. Appellees argued that (1) appellants failed to give proper notice to all landowners within a one-quarter mile radius of the proposed project, in compliance with TEX. REV.CIV.STAT.ANN. art. 1269k, § 13a (Vernon Supp.1982–1983), and (2) appellants exceeded their statutory authority, as set out in Article 1269k, by building a housing project on the border of the City of Pasadena without approval of the City. The City claimed that such placement of the housing project would create an adverse impact upon the services and tax burden of the City of Pasadena, while intervenors alleged that the proposed project, if constructed, would adversely affect them by increasing traffic congestion, crime, flooding, sewage contamination, and reduction in the market value of their property. After hearing the evidence, the trial court granted the temporary injunction prayed for by appellees.

The appeal of this case was accelerated pursuant to TEX.R.CIV.P. 385(a)(1). In an accelerated appeal, the record and bond are to be filed with the appellate court within thirty days after the order is signed. TEX. R.CIV.P. 385(d).

On August 6, 1983, appellants requested a partial statement of facts to be filed with this Court. The trial court's order was signed on August 16, 1983. On September 6, 1983, appellants filed a Notice of Limitation of Statement of Facts, setting out the points of error upon which they planned to rely. The last date permitted for filing the record was September 16, 1983. Upon receipt of appellants' Notice of Limitation, the City of Pasadena filed an objection to the notice as being untimely, pursuant to TEX.R.CIV.P. 377(d). This court granted appellees an extension of time in which to file additional portions of evidence.

Rule 377(d) reads as follows:

(d) If appellant requests or prepares a partial statement of facts, *he shall include in his request or proposal a statement of the points to be relied on and shall thereafter be limited to such points.* If such statement is filed, there shall be a presumption on appeal that nothing omitted from the record is relevant to any of the points specified or to the disposition of the appeal. Appellee may designate additional portions of the evidence to be included in the statement of facts. (Emphasis added).

Appellees complain that by failing to designate the points of error to be relied on when the partial statement of facts was requested, rather than a month later, appellants are not entitled to rely upon the presumption that nothing relevant is omitted from the partial statement of facts.

In *Dresser Industries, Inc. v. Forscan Corporation,* 641 S.W.2d 311 (Tex.Civ.App.—Houston [14th Dist.] 1982, no writ), this Court held that appellant did not comply with Rule 377(d) when it failed to timely designate its points of error in its request for a statement of facts. Therefore, the presumption that the omitted material is irrelevant did not apply. The Court stated that while it supports the rule, the presumptions are of such magnitude that strict compliance with the rule is necessary to activate the presumption. *Id.* at 315. In the present case, appellant, by failing to timely designate its points of error, did not strictly comply with the rule, and therefore, cannot invoke the presumption.

■ In light of our finding that 377(d) does not apply, this appeal will be considered as one in which a partial statement of facts has been filed. Where only a partial statement of facts is filed, it must be presumed on appeal that the omitted evidence supports the judgment of the trial court. *Englander Co. v. Kennedy,* 428 S.W.2d 806 (Tex.1968); *Dresser Industries, Inc. v. Forscan Corporation, supra; Levitz Furniture Co. v. State,* 471 S.W.2d 452 (Tex.Civ.App.—Waco 1971, writ ref'd n.r.e.).

■ Appellants have attempted to characterize the trial court's Memorandum of Decision as findings of fact and conclusions of law, in accordance with TEX.R.CIV.P. 296. Appellees contend no findings were either requested or filed. We agree that the trial court's memorandum does not constitute findings of fact and conclusions of law. However, the trial court's order granting the temporary injunction states:

On considering the evidence received and the argument of counsel, the Court issued a Memorandum of Decision On Plaintiff's and Intervenors' Application For Temporary Injunction on July 26, 1983, and the Court finds that Defendant, THE HOUSING AUTHORITY OF THE CITY OF HOUSTON, violated Article 1269k, Sections 3(f), 8(b), 13(a), 23(c), 13(a) [sic], V.A.T.S., in failing to give proper notice to all those entitled to notice within a one-quarter mile radius of the proposed project and in exceeding its legislative grant of authority by approving a site location of a project within the territorial limits of Houston when said site adjoins another municipality and such project adversely impacts upon the services and tax burdens of said adjoining municipality.

We believe these specific recitals of facts and conclusions contained in the order fulfill the purpose of Tex.R.Civ.P. 296. Thus, the findings shall be treated as findings of fact and conclusions of law in accordance with Rule 296. *Cottle v. Knapper,* 571 S.W.2d 59 (Tex.Civ.App.—Tyler 1978, no writ); *Peterson v. Peterson,* 595 S.W.2d 889 (Tex.Civ.App.—Austin 1980, writ ref'd n.r.e.); *Precipitair Pollution Control v. Green,* 626 S.W.2d 909 (Tex.App.—Tyler 1981, writ ref'd n.r.e.).

■ In the absence of a statement of facts, the findings of fact made by the trial court are conclusive on the appellate court. We must presume the evidence was sufficient, and that every fact necessary to support the findings and judgment was proved at trial. *Southard v. Southard,* 567 S.W.2d 570 (Tex.Civ.App.—Tyler 1978, no writ); *Mosolowski v. Mosolowski,* 562 S.W.2d 24 (Tex.Civ.App.—Tyler 1978, no writ). However, even without a statement of facts, we

are bound to review the correctness of any legal conclusions drawn from the facts found by the trial court. *Mial v. Mial*, 543 S.W.2d 736 (Tex.Civ.App.—El Paso 1976, no writ); *Dutchover v. Dutchover*, 334 S.W.2d 569 (Tex.Civ.App.—El Paso 1960, no writ).

■■■ Appellate review of an order granting a temporary injunction is limited to a determination of whether there has been an abuse of discretion in granting an injunction. *Davis v. Huey*, 571 S.W.2d 859 (Tex.1978). There is no abuse of discretion when the trial court bases its decisions on conflicting evidence. *Id.* at 862.

In their first point of error, appellants contend the trial court abused its discretion in granting the temporary injunction based on its findings that appellants failed to give proper notice to those entitled to notice within a one-quarter mile radius of the proposed project.

TEX.REV.CIV.STAT.ANN. art. 1269k, § 13a(b) sets out five specific methods of notice required to publicize a public meeting regarding the site of a proposed project before such site is approved. The following provision is included:

> The commissioners *shall mail a notice* containing the same information 30 days before the date of the meeting to any person who owns real property within one-fourth of a mile radius of the site of the proposed project. The *commissioners may rely on the most recent county tax roll for the names and addresses of the owners.* (Emphasis added.)

Appellants claim that they complied with the notice requirements. They argue that any inadvertent omission of a few names from their list made up from the tax rolls, or the failure of some property owners to receive such notice, did not preclude compliance with the statute.

■■■ We agree with appellants that the notice provisions of Article 1269k are subject to the substantial compliance rule. *See McConnell v. Alamo Heights Independent School District*, 576 S.W.2d 470 (Tex.Civ. App.—San Antonio 1978, writ ref'd n.r.e.);

*Stelzer v. Huddleston*, 526 S.W.2d 710 (Tex. Civ.App.—Tyler 1975, writ dism'd); *Burton v. Ferrill*, 531 S.W.2d 197 (Tex.Civ.App.— Eastland 1975, writ dism'd). Nevertheless, on the basis of the partial record before us, we cannot say the facts supporting substantial compliance with the notice provision of Article 1269k are undisputed. Therefore, we do not find the trial court abused its discretion. We overrule appellants' first point of error.

In point of error two, appellants claim the trial court abused its discretion in finding that the HACH exceeded its authority by approving the location of a housing project on the border of Houston and Pasadena. The court found HACH had violated Article 1269k, Sections 3(f), 8(b), 13a, and 23c, by approving the location of the project when it would "adversely impact upon the services and tax burdens of said adjoining municipality."

■■■ We have carefully examined the bill analysis and floor proceedings of House Bill 796 [1] which amended Article 1269k, as well as all sections of Article 1269k, and we have concluded that the legislature did not intend that the statute require an adjoining city to approve the construction of a housing project planned by another municipality's housing authority, merely because of its proximity to the adjoining city's border. We find the trial court failed to properly apply the law in this instance, and clearly abused its discretion. We sustain appellant's second point of error.

■■■ While we affirm the trial court's action in issuing the temporary injunction, we find nothing in the record to indicate whether or not a preferential trial setting was granted for trial of this case on the merits. We believe the trial court's failure to set an early trial date for this case has caused undue delay and hardship on the parties, and we vigorously re-urge our position that an early trial setting be made whenever a temporary order is entered, and that the date set for trial on the merits be specified in the order. *Texas Foundries v.*

---

1. Tex.H.B. 796, 67th Leg. (1981).

*International Moulders and Foundry Workers' Union,* 151 Tex. 239, 248 S.W.2d 460 (1952); *Reeder v. Intercontinental Plastics Manufacturing Co.,* 581 S.W.2d 497 (Tex. Civ.App.—Dallas 1979, no writ); *Gonzales v. Norris of Houston, Inc.,* 575 S.W.2d 110 (Tex.Civ.App.—Houston [14th Dist.] 1978, writ ref'd n.r.e.).

The order of the trial court granting a temporary injunction is affirmed.