Joe L. POWELL, Appellant,

v.

CITY INSURANCE COMPANY, Appellee.

No. 11–86–061–CV.

Court of Appeals of Texas, Eastland.

July 24, 1986.

Rehearing Denied Aug. 14, 1986.

James Pearson, Ponder & Pearson, Sweetwater, for appellant.

Mark M. Donheiser, Strasburger & Price, Dallas, for appellee.

## OPINION

RALEIGH BROWN, Justice.

This is a workers' compensation case. Joe L. Powell sued City Insurance Company, the compensation carrier, for injuries he sustained while employed by Walls Industries, Inc. in Nolan County. The jury determined that Powell was totally and permanently incapacitated. It was conclusively established that Powell did not work 210 days during the year immediately preceding his injury; therefore, he attempted to establish his average daily wage under TEX.REV.CIV.STAT.ANN. art. 8309, sec. 1(2) (Vernon 1967). The jury determined that there was not another employee of the "same class" as Powell who had worked at least 210 days of the year immediately preceding the date of Powell's injury in the same or similar employment as Powell and in the same or a neighboring place. The jury's finding under TEX.REV.CIV.STAT. ANN. art. 8309, sec. 1(3) (Vernon 1967) on the average weekly wage as of the date of Powell's injury which would be just and fair to Powell and City Insurance was obviously based on Powell's per hour wage at the time of injury. Judgment was entered based on such findings. Powell appeals. We affirm.

In his first point of error, Powell contends that the part of the costs of the statement of facts ordered by City Insur-

ance should be taxed to the insurance company under TEX.R.CIV.P. 377(e).[1] We overrule such contention.

Rule 377(d) provides:

(d) Partial Statement. If appellant requests or prepares a partial statement of facts, *he shall include in his request or proposal a statement of the points to be relied on and shall thereafter be limited to such points.* If such statement is filed, there shall be a presumption on appeal that nothing omitted from the record is relevant to any of the points specified or to the disposition of the appeal. Appellee may designate additional portions of the evidence to be included in the statement of facts. (Emphasis added)

Powell did not include in his request "a statement of the points to be relied on." Since Powell failed to designate such points, City Insurance could not rely upon the presumption that the omitted material was irrelevant. *Texas Construction Group, Inc. v. City of Pasadena,* 663 S.W.2d 102 (Tex.App.—Houston [14th Dist.] 1983, writ dism'd); *Dresser Industries, Inc. v. Forscan Corporation,* 641 S.W.2d 311 (Tex.App.—Houston [14th Dist.] 1982, no writ).

The jury responded "no" to Special Issue No. 3 which inquired:

Was there another employee of the same class as Plaintiff, who worked at least 210 days of the year immediately preceding June 13, 1984, in the same or similar employment as Plaintiff and in the same or a neighboring place?

Powell, in three points of error challenging such finding, contends that an affirmative finding was established as a matter of law. He cites *Holliman v. Leander Independent School District,* 679 S.W.2d 92 (Tex.App.—Austin 1984, writ ref'd n.r. e.), in support of his position. We note that in *Holliman* the court said:

the appellate court to pay the costs thereof, regardless of the outcome of the appeal.

---

1. (e) Unnecessary Portions. If either party requires more of the testimony or other proceedings than is necessary, he shall be required by

The testimony in this record establishes that she was essentially doing the same manner of work as Mr. Odiorne, and since there were no other witnesses or testimony to refute this evidence, we hold that the "same or similar" requirement was met by appellant.

In the instant case, the evidence is controverted.

This court, in reviewing these points of error, must consider only the evidence and inferences tending to support the findings and must disregard all evidence and inferences to the contrary. *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

It was Powell's burden to prove that there was another employee of the same class as he who worked 210 days of the year immediately preceding the date of his injury in the same or similar employment and in the same or a neighboring place. It is not necessary that every detail of their daily tasks be identical but only that the work be similar employment in the same class. *Travelers Insurance Company v. Woodall,* 356 S.W.2d 344 (Tex.Civ.App.—El Paso 1962, writ ref'd n.r.e.); *Texas Employers' Insurance Association v. Butler,* 287 S.W.2d 198 (Tex.Civ.App.—Fort Worth 1956, writ ref'd n.r.e.).

To discharge his burden, Powell introduced evidence concerning the average daily wage of two employees of Texas State Technical Institute (TSTI), located in Nolan County, who had worked at least 210 days of the year immediately preceding Powell's date of injury. They were security guards. Their duties were described as follows:

They check all the buildings to make sure they are secure after five, they do foot rounds, patrol rounds, which we have about sixty-five acres, they check all of the buildings, which there are probably about fifteen to twenty classrooms, offices there, and we have three apartment-type dorms, and they make a pass through the Avenger Village, which is our housing for our married students. At night, the switchboard is closed at five, and the switchboard is transferred over to security and they answer the phone. If there is an emergency situation come up, they need to turn the water sprinklers off, or they will need to turn our lighting system on and off out there.

They had no janitorial duties and did manual labor only on an emergency basis. To be considered for employment, "a high school education or GED and at least six month's experience as a security guard" was required. They were required to retire at age 65.

Powell's duties required him to be in the building, which was approximately 150,000 square feet, at all times. He sat at a front desk in the foyer and at least once an hour made a round of the building punching keys that were located in certain areas. Powell had janitorial duties to perform. The manager of the Walls' plant testified in part:

Q. Why did Walls have those security guards; were they really security guards?

A. No, they were really like for fire protection. The insurance carrier said with that large of a building and with that large an inventory, they would like to have someone in the complex, you know, in case there was a fire, but we also were having, I believe, batteries stolen off our bobtail trucks out underneath the docks, so we had them watching that, too.

Q. Did they carry weapons of any type?

A. No, sir. All the guards were instructed that they were in no way to put theirself in any physical danger.

Appellant and the other "security guards" at Walls were "retired gentlemen."

There were similarities between the work performed by Powell and the security guards at TSTI. There were also differences. From the evidence the jury could have concluded that there was another employee of the same class as Powell engaged in the same or similar employment in the

same or neighboring place. The jury, however, under these facts, could reasonably conclude, as it did, that the two employments were not similar. As a reviewing court, we may not substitute our view of the facts for that of the jury. *Benoit v. Wilson*, 150 Tex. 273, 239 S.W.2d 792 (1951). The points of error are overruled. *Garza v. Alviar, supra.*

The judgment is affirmed.