**H.L. GARDNER, Individually and as Independent Executor of the Estate of Lenan Briggs Gardner Bass, Deceased and Herman L. Gardner, Deceased, and Three G Investments, LTD., Appellants,**

v.

**BAKER & BOTTS, L.L.P., Appellee.**

**No. 01–97–00616–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 26, 1999.

Rehearing Overruled Sept. 30, 1999.

George M. Bishop, Chappell Hill, for Appellant.

Eric J.R. Nichols, David J. Beck, Houston, for Appellee.

Panel consists of Chief Justice SCHNEIDER and Justices WILSON and ANDELL.

## OPINION

MICHAEL H. SCHNEIDER, Chief Justice.

Appellants appeal a jury's verdict finding no liability on their legal malpractice, breach of fiduciary duty, and deceptive trade practices claims against appellees, Baker & Botts, L.L.P. We affirm.

### The Partial Record

As a preliminary matter, Baker & Botts argues the judgment of the trial court should be affirmed because appellants failed to comply with former Rule of Appellate Procedure 53(d) [1] in requesting a partial statement of facts.

Following trial, counsel for appellants asked the court reporter to prepare the statement of facts, excluding voir dire, opening and closing statements, and the testimony of Harold Metts, Ken Studdard, and Clifford Fry. By requesting only a partial record, appellants had to comply with Rule 53(d), which provides:

> If appellant requests or prepares a partial statement of facts, *he shall include in his request or proposal a statement of the points to be relied on and shall thereafter be limited to such points.* If such a statement is filed, there shall be a

---

1. This appeal is governed by former Texas Rules of Appellate Procedure because it was perfected before September 1, 1997. Rule 34.6(c)(1), which applies to all appeals perfected after September 1, 1997, contains the identical language as former Rule 53(d). Tex. R.App. P. 34.6(c)(1).

presumption on appeal that nothing omitted from the record is relevant to any of the points specified or to the disposition of the appeal. Any other party may designate additional portions of the evidence to be included in the statement of facts.

Tex.R.App. P. 53(d) (emphasis added). Appellants request for a partial statement of facts did not include a statement of the points to be relied on, as required by Rule 53(d).

■ Appellants did file a Notice of Limitation of Appeal pursuant to former Rule 40(a)(4).[2] They argue that this is sufficient to satisfy the requirements of Rule 53(d). We disagree. While Rule 40(a)(4) is satisfied by a general statement identifying the severable portion of the judgment appealed from, Rule 53(d) has a more specific requirement: to designate with reasonable particularity the complaints to be pursued on appeal. *See Dresser Indus., Inc. v. Forscan Corp.*, 641 S.W.2d 311, 315 (Tex. App.—Houston [14th Dist.] 1982, no writ).

■ Here, the only portion of appellants' Notice of Limitation of Appeal relevant to their claims on appeal was a general notice of their intent to attack certain jury answers "based on either their factual insufficiency, legal insufficiency, or that certain issues had been proven as a matter of law." However, Appellants did not state with any particularity the specific jury answers that they intended to challenge on appeal. *See Kwik Wash Laun-*

*dries, Inc. v. McIntyre*, 840 S.W.2d 739, 741 (Tex.App.—Austin 1992, no writ); *see also CMM Grain Co., Inc. v. Ozgunduz*, 991 S.W.2d 437, 439–40 (Tex.App.—Fort Worth 1999, no writ) (finding a general statement identifying the portion of the judgment the party intended to appeal insufficient to satisfy Rule 34.6(c)). Absent such a specific statement, the Appellee is left to guess which additional portions of the evidence should be included in the statement of facts. *See Superior Packing, Inc. v. Worldwide Leasing & Financing, Inc.*, 880 S.W.2d 67, 70 (Tex.App.—Houston [14th Dist.]1994, writ denied) (noting that the purpose of the predecessor to Rule 53(d) is to afford the appellee an opportunity to designate additional material to be included in the statement of facts which it deems relevant to the issues raised on appeal). This is the exact situation that Rule 53(d) is designed to prevent.

Additionally, Appellants' Notice of Limitation of Appeal did not mention the other points appellants have raised on appeal.[3] These discrepancies prevent a finding that Appellants have complied with Rule 53(d). *See Dresser Indus., Inc.*, 641 S.W.2d at 315 (holding appellant failed to comply with predecessor to Rule 53(d) because points designated differed from the points of error argued on appeal).

For the reasons stated above, we find the general notice provided in Appellants' Notice of Limitation of Appeal is insufficient to satisfy the narrow purpose of Rule

---

2. Appellants' Notice of Limitation of Appeal stated they intended to limit their appeal to issues regarding:

[T]he admission of evidence concerning the financial status of either the estate of Herman L. Gardner, M.D. or Lenan Briggs Gardner Bass, the ruling by the Trial Court that the Plaintiffs' claim for damages regarding the proposed oil and gas lease with Union Pacific was barred, the submission of issues to the Jury over objection of counsel for Plaintiffs and the Jury's answers to the issues based on either their factual insufficiency, legal insufficiency, or that certain issues had been proven as a matter of law.

3. On appeal, appellants contend: (1) the trial court erred in refusing to admit a prior judgment and a decision of the State Comptroller into evidence; (2) the trial court erred in failing to find the advice given by Baker & Botts incorrect as a matter of law; (3) there was no evidence to support the jury's finding that appellants were negligent; (4) the trial court erred in allowing the testimony of a Baker & Botts' expert because he had not been properly designated; (5) certain jury answers were against the great weight and preponderance of the evidence; and (6) the trial court erred in failing to find Baker & Botts breached its fiduciary duty owed to appellant as a matter of law.

53(d). Because appellants did not comply Rule 53(d), they must suffer the presumption that the omitted portions of the record support the trial court's judgment. *Christiansen v. Prezelski*, 782 S.W.2d at 843; *Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex.1991); *Tapiador v. North Am. Lloyds of Texas*, 772 S.W.2d 954, 955 (Tex.App.—Houston [1st Dist.] 1989, no writ).

### *Review Absent a Complete Record*

■■■ First, appellants contend the trial court committed reversible error in failing to admit certain evidence, and by allowing the testimony of a Baker & Botts' expert who had not been properly designated. To determine whether the trial court's allegedly erroneous evidentiary rulings constituted harmful error, we must examine the entire record. *Christiansen*, 782 S.W.2d at 843. Because appellants failed to comply with Rule 53(d), we must presume the evidence omitted from the record would have shown that error, if any, was harmless. *Id.*

We overrule appellants' first and fourth points of error.

■■■ Appellants also raise numerous legal and factual sufficiency points of error. However, an appellant's burden to show that the evidence is legally or factually insufficient cannot be met absent a complete record. *Schafer*, 813 S.W.2d at 155 (Tex.1991); *Englander Co. v. Kennedy*, 428 S.W.2d 806, 807 (Tex.1968). Because appellants failed to bring forth a complete record, we must presume the omitted portions of the record would have shown the evidence to be legally and factually sufficient. *Schafer*, 813 S.W.2d at 155; *Richards v. Schion*, 969 S.W.2d 131, 133 (Tex.App.—Houston [1st Dist.] 1998, no writ).

We overrule appellants' second, third, fifth, and sixth points of error.

The judgment of the trial court is affirmed.

Justice WILSON, dissenting.

DAVIE L. WILSON, Justice dissenting.

Because I believe the majority is not heeding the Supreme Court's warning regarding "hypertechnical" interpretations of former appellate rule 53(d), *Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex.1991)[1], I respectfully dissent.

Today's decision effectively denies appellants a ruling on the merits of the case and in a macro sense, makes the practice of pursuing appeals on partial records far more exacting than necessary to faithfully serve the language and purpose of the rule.

The majority seems to base its opinion on the alleged general nature of appellants' points of appeal contained in a document entitled, Notice of Limitation of Appeal, although appellant is also criticized for filing it outside of, and before, the request for partial record. Specifically, I interpret the majority's narrow holding to be that appellants' Notice of Limitation of Appeal is "insufficient to satisfy the strict requirements of Rule 53(d)" and; therefore, the appeal must be dismissed without reaching the merits.

Although the majority's language never directly states that filing a purported statement of points in a Notice of Limitation of Appeal is sufficient compliance with Rule 53(d), the majority could not decide the case as it does without first determining that the language of the points was properly before the appellee. The appellee urges in its brief that the appeal should be thrown out merely because the request for partial record did not contain the statement of points, even though the points were in another differently styled document. The majority necessarily rejects appellee's "strict" interpretation in reach-

1. Although in *Schafer* the court discussed "hypertechnical" interpretations in a different context than in this case, I perceive the court's warning to relate to the interpretation of the rule generally.

ing the issue it does, but then adopts "strict" guidelines in determining whether the language of the points is sufficient under the rule.

The majority cites *CMM Grain Co., Inc. v. Ozgunduz,* 991 S.W.2d 437, 439–40 (Tex. App.—Fort Worth 1999, no pet.) in support of its position. In *CMM,* the court stated that "appellants announced in their notice of appeal the desire to limit their appeal to the trial court's denial of their offset claim." *Id.* The court further noticed the absence of any attempt to provide the appellee with the statement of points or issues to be presented on appeal. *Id.* In making its decision, the court observed that "while the terminology of the statement of points need not be exact, the statement should describe the nature of the complained of error with reasonable particularity." *Id.*

The statements contained in appellants' Notice of Limitation of Appeal are far more detailed than the simple short-handed statement the court rejects in *CMM* and, given the points of error ultimately briefed, I would hold them as descriptive of the complained of error with reasonable particularity.

The points of error briefed were fully argued before the panel with the appellee suffering from no apparent disability from the limitation of the trial record. I would proceed to determine the merits of the appeal.

Accordingly, I dissent.