**SMITH PROTECTIVE SERVICES, INC., Appellant,**

v.

**Lorrance B. ROBERTSON, Appellee.**

**No. 17015.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Dec. 8, 1977.

Dana G. Kirk, Houston, Fulbright & Jaworski, Houston, of counsel, for appellant.

Weitinger, Steelhammer & Tucker, Don A. Weitinger, Houston, for appellee.

COLEMAN, Chief Justice.

This is an appeal from an order denying an application for a temporary injunction. Smith Protective Services, Inc. (Smith) filed this suit against Lorrance B. Robertson (Robertson) seeking to enforce an agreement contained in an employment agreement between Smith and Robertson whereby Robertson agreed not to compete with Smith for a period of two years from date of any termination of his employment within the City of Houston or fifteen miles from the boundaries of such city. We affirm.

In August 1973, Robertson began working for Smith in its guard division. He had previously been employed in the police department of a Florida city. While so employed he completed a course of study in polygraph examination. The institute offering this course of study is not recognized by the State of Texas. In order to acquire a license as a polygraph operator in Texas Robertson was required to complete twelve months training through internship. In December 1973, he began this training under the supervision of Smith's employees and as an employee of Smith, and on January 10, 1974, he was licensed by the State as a polygraph operator. He continued in his employment with Smith until he resigned on March 31, 1977. In April 1977, appellee was hired by Lanford Heard & Associates, Inc. as their sole polygraph examiner.

It is uncontroverted that Robertson understood and agreed to the provisions of his contract restricting his employment with a competing company for a period of two years from the date of his termination of employment. It is also undisputed that Robertson has violated this provision of his employment contract.

■ An agreement on the part of an employee not to compete with his employer after a termination of the employment is in restraint of trade and will not be enforced in accordance with its terms unless the same are reasonable. *Weatherford Oil Tool Co. v. Campbell*, 161 Tex. 310, 340 S.W.2d 950 (1960). Where the public interest is not directly involved, the test usually stated for determining the validity of the covenant as written is whether it imposes upon the employee any greater restraint than is reasonably necessary to protect the business and good will of the employer. *Weatherford Oil Tool Co. v. Campbell*, supra.

■ A promise not to compete may be enforced by injunction only where the restrictions as to time and area are determined to be reasonable. The question of whether an area of the covenant is reasonable is one of law to be determined by the court. *Lewis v. Krueger, Hutchinson & Overton Clinic*, 153 Tex. 363, 269 S.W.2d 798 (1954); *Eubanks v. Puritan Chemical Company*, 353 S.W.2d 90 (Tex.Civ.App.—Houston 1962, writ ref'd n. r. e.).

■ A restraint of trade is unreasonable, in the absence of statutory authorization or dominant social or economic justification, if it is greater than is required for the protection of the person for whose benefit the restraint is imposed or imposes undue hardship upon the person restricted.

■ The granting or denial of an injunction, and especially a temporary injunction, and the scope of one which is granted, are largely within the discretion of the trial court, whose action will not be disturbed on appeal unless a clear abuse of discretion is shown. *Texas Foundries v. International Moulders & F. Wkrs.*, 151 Tex. 239, 248 S.W.2d 460. Appeals from the issuance of a permanent injunction are accorded a different character of appellate review. In an appeal from a permanent injunction the trial court's fact findings are subject to review only for legal or factual insufficiency of evidence, but the court's construction of the restrictive covenant in its determination of the proper remedy for a breach of the covenant is a matter of law. The judgment entered by the trial court will be reviewed to determine whether or not it is correct as in any other appellate review. *Electronic Data System Corporation v. Powell*, 524 S.W.2d 393 (Tex.Civ.App.—Dallas 1975, writ ref'd n. r. e.).

■ In reviewing this order refusing to grant a temporary injunction, we must draw all legitimate inferences from the evidence in the light most favorable to the trial court's judgment. The transcript does not contain findings of fact or conclusions of law. If a review of the evidence will support findings of fact that would, in turn, support the trial court's judgment, such findings must be implied in support of the judgment. *Rimes v. Club Corp. of America*, 542 S.W.2d 909 (Tex.Civ.App.—Dallas 1976, writ ref'd n. r. e.); *Erickson v. Rocco*, 433 S.W.2d 746 (Tex.Civ.App.—Houston [14th Dist.] 1968, no writ history).

■ Mr. Smith, Vice President of Smith Protective Services, Inc., testified that during the period of time that Robertson was employed by his company he was taught everything that was necessary for him to know in order to perform the commercial aspects of polygraph examinations including employment polygraph interviews, periodic checks of the existing personnel where no specific loss issues are involved and commercial interrogation of specific loss issues. He testified that Robertson was thoroughly familiar with techniques that Smith uses and that he knew all of their major customers. He testified that Robertson knew the people within the various companies using the Smith polygraph services by talking to them over the telephone. He testified that he was seeking by this suit to protect the bond between his company and their customers, and that this bond could only be broken effectively by someone familiar with the Smith techniques and someone with whom the Smith customers are familiar and have confidence in because the company would not lose customers to an unknown polygraph firm, or an unknown polygraph examiner. He testified that three of his former accounts had already begun to do business with Lanford Heard & Associates, Inc., and that that company was advertising in the trade papers for polygraph examiners to come to work for their firm. He testified that six of Smith's former employees had established competing businesses in Harris County and that they represented 70 or 80% of the polygraph business within the city. He testified that Don Cole established a competing business in 1973. While it was not apparent for a few months, Smith learned later that he was losing about four to five thousand dollars per month in business each month to that company. There is testimony which would have supported a finding that in all probability Smith Protective Services, Inc. would suffer irreparable loss by reason of Robertson's breach of the protective covenant in his contract.

The trial court, however, did not make such a finding. There is evidence that Smith would suffer little, if any, damage which could be said to have resulted from Robertson's breach. Robertson testified that there was only one account which he regularly handled and that no business had

come to him from that account since he changed jobs. He testified that there were six examiners working for Smith and that each examiner would take the persons waiting for an examination in turn. The client that he personally tested depended upon who was available when he finished a polygraph examination. The only contact he had with the employers was that he phoned in the results of the examinations to someone at the company requesting the examination. This might be a secretary or a person in the personnel department. He testified that he worked as a technician and that he had no experience in sales while he was working for Smith. He did no sales work for Lanford Heard & Associates, Inc. and did not furnish them the names of any firms for which he had previously done examinations. He testified that the techniques used in conducting the examinations were generally the same as those he had been taught in school and that there were no secret techniques or questions involved in giving pre-employment examinations. He has no interest in the business and is being paid an annual salary. He left Smith because he did not like the working conditions and he wanted to make more money. He testified that it was not his intention to raid Mr. Smith's clientele for the benefit of his present employers.

There is testimony that there are some twenty-five companies in the Houston area engaged in furnishing polygraph testing. At the time of the trial business was good and Smith was trying to hire additional operators. One of the owners of Lanford Heard & Associates testified that he solicited most of the business for the firm and that his solicitation was aimed primarily at people he knew who had need for the service. He testified that he hired Robertson because he felt he was a good polygraph operator and that he had two other applicants for the position at the time Robertson was hired. He testified that he had not discussed Smith's clientele with Robertson and he had no intention of doing so. He testified further that he never mentioned to prospective clients the fact that Robertson was working for him or that his operator had formerly worked for Smith.

Robertson testified that so far as he knows no one has come to his present employer by reason of any previous contact with him. He testified that he suggested to Mr. Heard that he hide the fact that he, Robertson, had formerly worked for Smith Protective Services, Inc. because he did not think that this fact would add credibility to Lanford Heard & Associates, Inc.

It was not an abuse of discretion for the trial court to conclude, under this record, that Smith failed to prove an impending irreparable injury. The record shows a possibility that Robertson might assist Lanford Heard & Associates, Inc. in securing clients who had formerly been employed by Smith. Such a possibility is not a sufficient ground for finding an abuse of discretion in refusing to grant a temporary injunction.

The judgment is affirmed.