## HARTWELL'S OFFICE WORLD, INC., Appellant,

v.

## SYSTEX CORPORATION et al., Appellees.

### No. B2249.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Feb. 27, 1980.

Rehearing Denied April 2, 1980.

Original Opinion Ordered Withdrawn and Substitute Opinion Delivered April 2, 1980.

Rehearing Denied April 23, 1980.

Charles J. Michael, Houston, for appellant.

Jack Swisher, Houston, for appellees.

Before COULSON, SALAZAR and JU-NELL, JJ.

## ON MOTION FOR REHEARING

SALAZAR, Justice.

On appellee's motion for rehearing, the court withdraws the original opinion filed February 27, 1980, and substitutes the following opinion. Appellees' motion for rehearing is overruled.

This is an appeal from a denial of a temporary injunction. Hartwell's Office World, Inc., as plaintiff, filed suit against Systex Corporation, Robert D. Gossett, Mike C. Smith and Brooks Valls as defendants, for breach of non-competition agreements and for a temporary injunction to enjoin the defendants from competing with plaintiff within the areas prohibited by the agreements. The district court denied the application for temporary injunction.

Plaintiff appealed. We reverse and remand for issuance of an order temporarily enjoining appellees Systex and Gossett.

Appellant was the former employer of appellees Gossett, Smith and Valls, who were the top three salesmen of appellant. All three appellees quit working for appellant within a few weeks of each other in 1979. It was stipulated by the parties that Gossett, Smith and Valls formed Systex Corporation and were the only three stockholders. It was further stipulated that Gossett, Smith and Valls had executed employment contracts containing non-competition clauses, and that Gossett, Smith, Valls and Systex Corporation were in direct competition with appellant and were selling competitive lines in areas prohibited by the employment contracts. (The injunction question is moot as to Smith and Valls, whose employment contracts contained one-year non-competition clauses, but not as to Gossett, whose contract contained a five-year non-competition clause.)

The function of a temporary injunction is to maintain the status quo of the subject matter of the suit so that the court's ability to render a final decision on the merits will be preserved. To prevail on an application for temporary injunction, an applicant need only plead a cause of action and show a probable right on final trial to the relief he seeks and probable injury in the interim. *Sun Oil Co. v. Whitaker*, 424 S.W.2d 216, 218 (Tex.1968).

The trial court has great discretion in granting or denying a temporary injunction, and its action will not be disturbed on appeal unless a clear abuse of discretion is shown. *Texas Foundries v. International Moulders & Foundry Workers' Union*, 151 Tex. 239, 248 S.W.2d 460 (1952).

In reviewing the order denying the temporary injunction, we must draw all legitimate inferences from the evidence in the light most favorable to the trial court's judgment, even if we disapprove the reason given by the trial court for denying the temporary injunction. *Smith Protective*

*Services v. Robertson,* 560 S.W.2d 174, 176 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ).

■ The applicant has the burden of offering some evidence which establishes a probable right of recovery; he must show more than a mere possibility of injury. *Camp v. Shannon,* 162 Tex. 515, 348 S.W.2d 517, 519 (1961); *see also Smith Protective Services v. Robertson,* 560 S.W.2d at 177.

We have reviewed the evidence and have determined that Hartwell's Office World, Inc., has pled a cause of action, has shown a probable right to relief on the merits, and has shown probable injury in the interim.

■ Appellant specifically testified at the hearing that he was irreparably injured by the breach of the agreement not to compete, that he could not estimate the amount of damages sustained by the breach and that appellees were his top three salesmen. This is evidence of more than a mere possibility of injury. The only evidence appellees adduced to rebut appellant's claim was Gossett's declaration that Systex was willing to make available its records showing earnings on the products which were sold in direct competition with Hartwell's Office World, Inc. We do not believe this constituted evidence that appellant suffered no irreparable injury.

■ In order for the legal remedy to be adequate, it must give plaintiff complete, final and equal relief. *Drever & Associates v. Batey,* 572 S.W.2d 30, 33 (Tex. Civ.App.—Houston [1st Dist.] 1978), *aff'd and reformed* 576 S.W.2d 35 (Tex.1979). In this case, mere reimbursement for profits lost would not afford complete, final and equal relief because appellees would still be able to compete in the area in violation of the express agreement not to compete. Non-competition agreements shall be upheld and are not against public policy unless they are unreasonable. Appellees do not claim, and we do not find, that this agreement is unreasonable.

■ Proof of a continued breach of the non-competition agreement by a highly-trained employee constitutes prima facie proof of probable injury. Moreover, the evidence shows clearly that the success of Hartwell's Office World, Inc., rested in great measure on the services of appellees. Therefore, they were in a position to seriously injure Hartwell's existing business. *See Byers v. Trans-Pecos Abstract Co.,* 18 S.W.2d 1096 (Tex.Civ.App.—El Paso 1929, writ dism'd). Appellees have not rebutted this evidence.

■ We also have reviewed the evidence to determine whether appellant's interests in obtaining injunctive relief outweighs the harm caused appellee by granting relief. Since appellee Gossett agreed not to compete for a certain time in a certain area, he cannot claim harm from enforcement of the agreement unless he can show other reasons why he should be allowed to breach the agreement. This he has not shown.

■ We have drawn all legitimate inferences from the evidence in the light most favorable to the trial court's judgment, but we have found no competent evidence brought by appellees to rebut any of the evidence adduced by appellant which entitled it to injunctive relief. Therefore, unless there is evidence that appellant came into court with unclean hands, we must reverse and hold that the trial court abused its discretion by not properly applying the law to undisputed facts. *Traweek v. Shields,* 380 S.W.2d 131 (Tex.Civ.App.—Tyler 1964, no writ).

■ Appellees have contended that their breach was justified because Hartwell, president of Hartwell's Office World, Inc., also breached his employment contract by setting up Hartwell's Office World Distributors, Inc., which was in competition with appellant and took away product lines from appellant to the detriment of Gossett, Smith and Valls. We find this claim totally unsupported by the evidence. The only evidence on the subject shows that Hartwell's Office World Distributors, Inc., was a wholesaler whereas both Hartwell's Office World, Inc., and Systex were retailers.

We have also examined appellees' claim that appellant coerced the appellees into signing the employment contracts and subsequently undertook a course of action whereby appellees' earnings and earnings potential were retarded. We find these claims also unsupported by the evidence.

Both parties claim that the trial court erred by not affording them ample time to develop their evidence; however, neither party preserved this objection by a proper point of error. We have reviewed the record, nevertheless, and have determined that, although in some situations an hour's limitation on a hearing for temporary injunction might be a denial of due process, in the present situation there is no indication that the trial court actually denied the parties the opportunity to develop their evidence. Instead of objecting to the time constraint at the end of the hearing, both parties seemed to acknowledge (albeit tacitly) that they had no other witnesses.

We hold that the trial court's denial of temporary injunctive relief constituted an abuse of discretion. *See Drever & Associates v. Batey, supra.* Appellant showed a right to relief and appellees did not rebut the showing with competent evidence. The trial court, therefore, did not correctly apply the law to the facts as was its duty.

We reverse the trial court's denial of injunctive relief and remand for issuance of an order temporarily enjoining appellees Systex Corporation and Robert D. Gossett until the action can be heard on the merits or until further orders of the trial court.