HI-LINE ELECTRIC COMPANY, INC., Appellant,

v.

Robert D. CRYER, Appellee.

No. B14–82–673CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 25, 1983.

Michael Sean Quinn, Robins, Zells, Lakens & Kaplan, Dallas, for appellant.

Jack R. Bailey, Houston, for appellee.

Before ROBERTSON, CANNON and PAUL PRESSLER, JJ.

PAUL PRESSLER, Justice.

A temporary injunction was denied against appellee's selling products similar to appellant's in alleged violation of a covenant not to compete. The trial court held that appellant failed to meet its burden of proof. We affirm the judgment of the trial court.

Appellee began working for appellant as a salesman in December of 1979. On January 14, 1980, he signed an employment contract which contained the following covenant not to compete:

Upon termination of this agreement, by wrongful discharge or otherwise, employees shall not directly or indirectly, within the existing marketing area of the employee or areas contemplated or begun as expansion during the employee's employment—whether known to be employee or not—enter into or engage generally, in any form, in competition with the employer selling terminals, wire, tape, connectors, cable or supplies as listed in the product list in the company's catologue, either as an individual on his own or as a partner or as a joint venturer, or as an officer, director or share holder or otherwise, for a period of three (3) years after the date of termination of his employment hereunder.

In June, 1982, appellant unilaterally terminated appellee's employment alleging appellee persisted in allowing his van to remain in disrepair and refused to attend a sales meeting in Dallas. Shortly thereafter appellee obtained employment at Tifco Industries, Inc. His duties there involved selling merchandise similar to appellant's. While employed by Tifco, appellee called on several customers whom he had previously serviced while working for appellant. These customers included Hertz Equipment Rental, Dial Electrical Controls and Gulf South Supply, Inc. At the trial, representatives from each of these companies testified that they were not contemplating switching their business from appellant to Tifco and would not cease to do business with appellant merely because appellee no longer worked for them. With one exception, each representative stated that as long as appellant's prices and quality of goods were competitive, they planned to continue to purchase goods from them. Dial Electric's representative stated that his company had no plans to purchase goods from either appellant or Tifco.

Appellant brings twenty-three points of error. In points one through four, appellant contends the trial court abused its discretion and, therefore, erred in failing to grant the temporary injunction because it erroneously applied the law to the facts, required appellant to prove its case by a preponderance of the evidence and failed to apply the law of fiduciaries to the facts. In points of error six through twenty, appellant contends the trial court erred in entering its findings of fact and conclusions of law. In points of error twenty-one and twenty-two, appellant contends that the trial court erred in excluding testimony concerning the payment of appellee's legal fees and in excluding evidence of a permanent injunction prohibiting Tifco Industries "from employing persons subject to High-Line (sic) sales contract." Appellant abandoned point of error twenty-three in oral argument.

The issue before this court is a narrow one. "Appellate review of an order granting or denying a temporary injunction is strictly limited to the determination of whether there has been an abuse of discretion by the trial court in granting or denying the interlocutory order." *Sonny Arnold Inc., et al v. Sentry Savings Assoc., et al* 633 S.W.2d 811, 816 (Tex.1982); *Davis v. Huey,* 571 S.W.2d 859 (Tex.1978). In reviewing an order denying a temporary injunction, all legitimate inferences from the evidence must be considered in the light most favorable to the trial court's judgment even if the reason given by the trial court for denying the temporary injunction does not seem correct. *Smith Protective Services Inc. v. Robertson,* 560 S.W.2d 174, 176 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ); *Hartwell's Office World v. Systex Corp., et al,* 598 S.W.2d 636 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). An abuse of discretion exists only when the record reflects that the findings of the trial court necessary to sustain its order are not supported by some evidence of a substantial and probative character. *Texas Employment Commission, et al v. Norris,* 636 S.W.2d 248, 252 (Tex.App.—Beaumont 1982, no writ); *City of Houston, et al v. South-* *western Bell Tel. Co.,* 263 S.W.2d 169, 171 (Tex.Civ.App.—Galveston 1953, writ ref'd).

The trial court's findings of fact and conclusions of law state in pertinent part:

## FINDINGS OF FACT

8. That as of the time of the show cause hearing Plaintiff had lost no customers due solely to any activity to Robert D. Cryer.

9. That at the time of the show cause hearing Defendant had not sold any products sold by Plaintiff in violation of the agreement referred to in No. 2., above.

10. That at the time of the show cause hearing Plaintiff had not been harmed or damaged with regard to its customers due to the activities of ROBERT D. CRYER.

## CONCLUSIONS OF LAW

1. That there was no or insufficient evidence that Plaintiff had been or was or would be irreparable injured by the activities of defendant.

2. That there was no or insufficient evidence that the restrictive covenant(s) in the subject employment agreement were reasonable and necessary for the protection of the interests of the Plaintiff.

3. That there was no or insufficient evidence to show that the lawful interests of the plaintiff required enforcement of the restrictive covenant(s) contained in the employment agreement in light of the relative hardship defendant would suffer as a consequence of such enforcement.

4. That there was no or insufficient evidence tending to demonstrate the reasonableness of the three year restrictive covenant as to the time and/or geographical application of the same.

5. That the clauses of the employment agreement stated under Findings of Fact 6.(a) and (b). above, are unreasonable, as a matter of law, as to time, geography and necessity in that they are overly broad, burdensome and oppressive. The Court finds that the restrictive covenants

of the subject contract, particularly the three year restrictive covenant, is, as written, against the public policy of the State of Texas and unreasonable as written. The court finds, that given sufficient factual evidence, the restrictive covenant(s), particularly the three year restrictive covenant of the subject employment contract, would have to be reformed by the court to render such contract enforceable as to such restrictive covenants.

8. That there was no or insufficient evidence that Plaintiff had been harmed at all, let alone irreparably injured, or would be so, due to the activities of defendant.

9. That there was no or insufficient evidence that Plaintiff had or would lose any business or customers due to the activities of Defendant.

10. That there was no or insufficient evidence that Defendant had violated any valid term of the subject contract of employment.

Appellant does not complain of conclusion of law number two. A covenant not to compete is a restraint of trade.

A restraint of trade is unreasonable if it is greater than is required for the protection of the person for whose benefit the restraint is impossed or imposses undue hardship on the person restricted. *Weatherford Oil Tool Co. v. Campbell,* 161 Tex. 310, 340 S.W.2d 950 (1960). The covenant's validity must be determined according to the covenant as written. *Weatherford Oil Tool Co. v. Campbell, supra.*

■■■ The evidence is sufficient to support the trial court's findings that the covenant is unreasonable. The covenant restricts appellee from competing with appellant directly or indirectly within the existing marketing area of the employee or areas contemplated or begun as expansion during the employee's employment whether known to the employee or not. This covenant is not unlike that in *Weatherford Oil Tool Co. v. Campbell, supra.* In that case the covenant provided:

"I hereby contract and agree that for a period of one year from the date of the termination of my employment, for any reason, I will neither enter into a business offering like merchandise to that offered by Weatherford Oil Tool Company, Inc., nor assist either directly or indirectly any competitor of Weatherford Oil Tool Company, Inc., or any other person, company or organization in offering like merchandise to that offered by Weatherford Oil Tool Company, Inc., may be operating or carrying on business during said on year period."

The court held that the covenant was unreasonable because, in effect, it restrained appellee from competing with his former employer anywhere in the world for the designated period and was, therefore, greater than required for the protection of the appellant. The same is true of the covenant in this case. The applicant for a temporary injunction has the burden of offering evidence which establishes a probable right of recovery. *Hartwell's Office World v. Systex Corp., supra.* There is sufficient evidence to support the trial court's conclusions that the covenant in question is unenforceable. Appellant has failed to meet his burden of proof.

■■■ Additionally, appellant has failed to show a probable injury. Representatives from each company solicited by appellee testified that they have not purchased, nor contemplate purchasing, goods from Tifco Industries. They further stated that they would not cease to do business with appellant merely because appellee no longer worked for them. The applicant for a temporary injunction must show more than a mere possibility of injury. *Hartwell's Office World v. Systex Corp., supra.* Appellant has failed to do so in this case. For these reasons we do not find that the trial court abused its discretion in denying the temporary injunction. Appellant's points of error are overruled.

We affirm the judgment of the trial court.