WORKERS 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN





 






NO. 3-92-340-CV






TEXAS PHYSICAL THERAPY ASSOCIATION, 


JERRY HURT, JEANETTE WINFREE AND WAYNE SAWYER,



 APPELLANTS



vs.






TEXAS WORKERS' COMPENSATION COMMISSION,



 APPELLEE




 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT



NO. 91-10669, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING



 




 Following the adoption of an agency rule by the Texas Workers' Compensation
Commission (the "Commission"), the Texas Physical Therapy Association, Jerry Hurt, Jeanette
Winfree, and Wayne Sawyer (the "Appellants") petitioned the district court for declaratory and
injunctive relief. The district court issued an order denying the Appellants' request for temporary
injunction. We will affirm the district court's order.

BACKGROUND


 On September 10, 1991, the Commission published in the Texas Register proposed
Rule 134.201 (1) (the "Rule"), entitled "Medical Fee Guideline for Medical Services and Equipment
Provided Under the Texas Workers' Compensation Act." 16 Tex. Reg. 4929 (1991). The
purpose of the Rule was the medical-cost containment of payments for medical services and
equipment incurred in treating injured employees under the workers' compensation law. The
Commission held a public hearing and received comments by parties interested in the Rule and
reported the adoption of Rule 134.201 by publishing an order in the Texas Register on November
29, 1991. 16 Tex. Reg. 6923 (1991). This order purported to include a summary of comments
received and reasons why the Commission disagreed with the comments. Rule 134.201 became
effective on December 11, 1991.

 On April 6, 1992, the Appellants amended their previous pleadings regarding Rule
134.200 to allege that the Commission adopted Rule 134.201 in violation of the "reasoned
justification" requirement of section 5(c-1)(1) of the Administrative Procedure and Texas Register
Act ("APTRA") which states:



The agency order finally adopting a rule must include: (1) a reasoned justification
of the rule, including a summary of comments received from parties interested in
the rule and showing the names of any interested group or association offering
comment on the rule and whether they were for or against its adoption, and also
including a restatement of the rule's factual bases and the reasons why the agency
disagrees with party submissions and proposals . . . .



Tex. Rev. Civ. Stat. Ann. art. 6252-13a, § 5(c-1)(1) (West Supp. 1993). (2)

 On June 10, 1992, the district court denied the Appellants' request for a temporary
injunction. In its order, the trial court found that the Commission made a good faith effort to
provide a rational basis for the Rule and that the adoption of the Rule was in substantial
compliance with the procedures set forth in APTRA. From this decision of the trial court, the
Appellants bring this appeal.



DISCUSSION


 The appeal of an order denying a temporary injunction is an appeal from an
interlocutory order; accordingly, the merits of the underlying case are not presented for appellate
review. Davis v. Huey, 571 S.W.2d 859, 861 (Tex. 1978). Appellate review of an order denying
a temporary injunction is strictly limited to a determination of whether there has been a clear
abuse of discretion by the trial court in denying the interlocutory order. Id. at 861-62; Public
Util. Comm'n v. General Tel. Co., 777 S.W.2d 827, 829 (Tex. App.--Austin 1989, writ dism'd). 
At a hearing on a temporary injunction, the only issue before the district court is whether the
applicant is entitled to preservation of the status quo of the subject matter of the suit pending trial
on the merits. Davis, 571 S.W.2d at 862; Houston Belt & Terminal Ry. Co. v. Texas & N. O.
R.R., 289 S.W.2d 217, 219 (Tex. 1956). The appellate court is not to substitute its judgment for
that of the trial court, but merely to determine whether the court's action was so arbitrary as to
exceed the bounds of reasonable discretion. Davis, 571 S.W.2d at 862; Texas Foundries, Inc.
v. International Moulders & Foundry Workers' Union, 248 S.W.2d 460, 463 (Tex. 1952). In
reviewing the order denying the temporary injunction, we must draw all legitimate inferences
from the evidence in a light most favorable to the trial court's judgment, even if we disapprove
of the reason given by the trial court for denying the temporary injunction. Hartwell's Office
World, Inc. v. Systex Corp., 598 S.W.2d 636, 639 (Tex. Civ. App.--Houston [14th Dist.] 1980,
writ ref'd n.r.e.).

 The Appellants contend in five points of error that the district court erred in
denying a temporary injunction because the Commission did not "substantially comply" with the
requirements of APTRA, section 5(c-1)(1) in enacting the Rule in question. Specifically, the
Appellants contend that some eighteen comments which they tendered to the Commission during
the rulemaking process were either not addressed by the Commission or were summarily dealt
with by the Commission.

 In Methodist Hospitals of Dallas v. Texas Industrial Accident Board, 798 S.W.2d
651 (Tex. App.--Austin 1990, writ dism'd w.o.j.), this Court identified the three elements that
"reasoned justification" must include: "(1) a summary of comments received from parties
interested in the rule, with their names and whether they were for or against its adoption; (2) a
restatement of the rule's factual bases; and (3) the reasons why the agency disagrees with party
submissions and proposals." Id. at 657. Tex. Rev. Civ. Stat. Ann. art. 6252-13a, § 5(c-1)(1)
(West Supp. 1993). In the present case, the Appellants attack only the Commission's failure to
comply with the third element; they allege that the agency failed to respond properly to their
submissions and proposals.

 We note that of the Appellants' eighteen comments, some dealt specifically with
the substance of the Rule while others could be characterized only as a collateral attack on the
Rule.

 In the area of substantive comments, the Appellants discuss technical issues
involved in computing costs and setting fee guidelines. In these comments, the Appellants
complain that the guidelines set some fees near or below cost and that the guidelines would
actually increase costs for some physical therapy services. The Appellants maintain that the
Commission failed to respond properly to these comments in the final order. Specifically, they
state that the Commission either entirely "omitted a response, mischaracterized a response, or
responded in a conclusionary manner" to these comments.

 The collateral attack on the Rule includes comments that contend the Rule benefits
chiropractors at the expense of other health care providers. One comment contends that the Rule
was influenced by illegal and improper behavior of a state senator who served on the Legislative
Oversight Committee. In these comments, the Appellants contend that the senator had met with
the Commission's medical director and a group of chiropractors to discuss the fee guidelines prior
to the Rule's adoption. Another comment alleges illegal and improper behavior by Nancy Kozak,
the former Director of the Commission's Medical Review Division, in the adoption of the Rule. 
The Appellants produced evidence that Kozak obtained her position through false resumes and that
she conducted a meeting in which the Appellants were intentionally excluded and in which certain
parts of the Rule were discussed. The Commission did not respond in any manner to the
comments that collaterally attacked the Rule on grounds of alleged fraud and improper conduct.

 In this appeal, the sole issue we must decide is whether the trial court abused its
discretion in determining that the Commission substantially complied with section 5(c-1)(1) of
APTRA. Our review of the record shows that, in denying the request for a temporary injunction,
the district court carefully reviewed the Methodist Hospitals decision; pages 6923 to 6936 of the
Texas Register, which include the Rule and comments thereto; and section 5(c-1)(1) of APTRA. 
In Methodist Hospitals, this Court stated that "substantial compliance with [section 5(c-1)(1) of
APTRA] is a question of law to be determined solely from the face of the . . . order finally
adopting [the Rule]." 798 S.W.2d at 659. From our review of the record, the comments, and
the Rule, we agree with the district court that the Commission's rulemaking actions were not in
"perfect compliance," but we cannot conclude that the trial court abused its discretion in finding
those actions to be in "substantial compliance" with APTRA, section 5(c-1)(1). Accordingly, we
overrule all of the Appellants' points of error. Our holding implies no decision regarding the
merits of the cause underlying this appeal.



CONCLUSION


 We affirm the order of the district court denying the temporary injunction.



 

 Mack Kidd, Justice

[Before Chief Justice Carroll, Justices Jones and Kidd]

Affirmed

Filed: January 20, 1993

[Do Not Publish]
1.   The Appellants initially requested a temporary injunction against the
implementation, enforcement, and administration of section 134.200 of the Texas
Administrative Code, a rule previously adopted by the Commission. The district court
issued a temporary injunction order. The Commission, on September 19, 1991, filed its
notice of appeal of the temporary injunction order. On December 11, 1991, this Court
concluded that the Commission did not properly perfect its appeal and dismissed the case. 
Texas Workers' Compensation Comm'n v. Texas Physical Therapy Ass'n, No. 3-91-439-CV
(Tex. App.--Austin Dec. 11, 1991, no writ) (not designated for publication). The Commission
proposed Rule 134.201 as a substitute to the enjoined rule. 
2.   At the hearing on April 29, 1992, the district court judge agreed with the
Commission that the adoption of the substitute rule mooted the previous injunction. In
response, the Appellants, having previously amended their pleadings, sought an
injunction against the new rule.