Affirmed and Opinion filed December 12, 2002









Affirmed and Opinion filed December 12, 2002.

 




 
 
 
  
 
 
 




 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-02-00307-CV

____________

 

LARRY R. THUMANN, Individually, and

d/b/a AAA NATURAL
RECYCLING, Appellant

 

V.

 

HARRIS COUNTY, TEXAS and THE STATE OF
TEXAS, acting by and through the TEXAS NATURAL RESOURCE CONSERVATION COMMISSION, Appellees

 



 

On Appeal from the 280th District Court

Harris County, Texas

Trial Court Cause No. 02-07697

 



 

O
P I N I O N








Appellant, Larry R. Thumann, individually and d/b/a AAA
Natural Recycling, Inc. (“AAA”), appeals from the trial court=s temporary injunction that prohibits
AAA from accepting solid waste.  On
interlocutory appeal, AAA contends the injunction must be dissolved because (1)
Chapter 330 of the Texas Administrative Code does not apply to AAA=s facility; (2) the evidence was
legally and factually insufficient to support a temporary injunction against
it; (3) the injunction was based on activities of another party; and (4) the
balance of equities favors AAA=s continued collection of raw wood materials.  We affirm. 

AAA operates two businesses in Harris County: one at 20220
Morton Road in Katy, Texas (“Morton Road Facility”) and one at 5921 FM 1960 in
Houston (“1960 Facility”).  AAA has
operated these sites for approximately four years during which time it has
collected large amounts of unprocessed wood, including tree limbs, branches,
stumps, brush, and lumber scrap.  To
accept this waste, AAA receives a tipping fee that ranges between $3 and $4 per
cubic yard of debris.  

According to AAA, the wood is being recycled into mulch and
fuel wood.  However, Harris County and
the State of Texas, acting by and through the Texas Natural Resource
Conservation Commission (“Commission”), inspected the facilities on several
occasions and determined that AAA recycled only a very small percentage of the
wood; most of the wood dumped on the property remains unprocessed.  Additionally, the wood piles have grown very
large and AAA lacks an adequate water supply, creating a possible fire
hazard.  

The Commission determined that AAA was violating the Texas
Solid Waste Disposal Act (chapter 361 of the Texas Health and Safety Code and
chapter 30 of the Texas Administrative Code section 330.4(a)) because it
stored, processed, or disposed of municipal solid waste without a permit.  The Commission also concluded that AAA was
violating Chapter 30 of Texas Administrative Code section 330.5(a) because its
activity endangered human health and welfare, as well as the environment.








Based on those findings, Harris County filed an injunction
and application for a temporary restraining order against AAA.[1]  On February 14, 2002, the trial court granted
Harris County=s request and prohibited AAA from
accepting any additional waste.  The
trial court then heard evidence on the issue and on March 7, 2002 granted a
temporary injunction against AAA.

The Temporary Injunction

The purpose of a temporary injunction order is to preserve
the status quo pending a trial on the merits. 
Walling v. Metcalfe, 863 S.W.2d 56, 57 (Tex. 1993).  The party requesting a temporary injunction
must show (1) a viable cause of action; (2) a probable right to recovery; and
(3) a probable, imminent, and irreparable injury in the interim.  Id. 
The decision to grant or deny a temporary injunction lies in the sound
discretion of the court, and the court=s grant or denial is subject to
reversal only for a clear abuse of discretion. 
Id. at 58. The trial court abuses its discretion when it acts
arbitrarily and unreasonably, without reference to guiding principles, or
misapplies the law to the established facts of the case.  Beaumont Bank v. Buller, 806 S.W.2d
223, 226 (Tex. 1991). 

In reviewing the trial court=s decision, we draw all inferences
from the evidence in a manner most favorable to the trial court=s judgment.  Resolution Trust Corp. v. Chair King, Inc.,
827 S.W.2d 546, 548 (Tex. App.CHouston [14th Dist.] 1992, no writ).  This Court may not reverse for an abuse of
discretion merely because it disagrees with the trial court=s decision, if that decision was
within the trial court=s discretionary authority. 
Beaumont Bank, 806 S.W.2d at 226. 
Thus, this Court may not substitute its judgment for that of the trial
court.  Davis v. Huey, 571 S.W.2d
859, 861B62 (Tex. 1978).  The burden of proof is on the litigants
attacking the trial court=s action.  Garcia
Marroquin v. Nueces County Bail Bond Bd., 1 S.W.3d 366, 379 (Tex. App.CCorpus Christi 1999, no pet.).

Recyclable Material or Solid Waste?








In its first issue, AAA contends it deals with “recyclable
material,” not “solid waste.”  Because
the permit required by Chapter 330 of the Texas Administrative Code is
applicable only to facilities storing “solid waste,” AAA claims the trial court
was not authorized to enjoin it from accepting additional deposits of raw
wood.  In fact, AAA argues that as a
recycling business, its activities are regulated by Chapter 332 of the Texas
Administrative Code, not Chapter 330.[2]

AAA first argues that “municipal solid waste” does not
include raw wood, and thus it has no “solid waste” on its premises.  “Municipal solid waste” is defined as Asolid waste resulting from or
incidental to municipal, community, commercial, institutional, and recreational
activities, including garbage, rubbish . . . and other solid waste other
than industrial solid waste.@[3] 
30 Tex. Admin. Code ' 330.2(77) (emphasis added).  “Rubbish” is defined as “nonputrescible solid
waste (excluding ashes), consisting of both combustible and noncombustible
waste materials.  Combustible rubbish
includes paper, rags, cartons, wood, 
. . .”  30 Tex. Admin. Code ' 330.2(122) (emphasis added).  Thus, AAA=s raw wood is included within the
definition of solid waste.








AAA also argues, however, that its raw wood is “recyclable
material” because it regularly processes the material into mulch and fuel wood,
and thus it falls under two exceptions to Chapter 330 which state, “[r]ecyclable
material is not solid waste,” and “recycling includes the composting process if
the compost material is put to beneficial use.” 
30 Tex. Admin. Code ' 330.2(114) & (115).  Thus, facilities are exempt from the permit
requirement of Chapter 330 if they are used as “a collection and processing
point for only nonputrescible source-separated recyclable material.”  30 Tex.
Admin. Code ' 330.4(f)(1)(c). 
Putrescible waste includes organic waste, such as garbage, wastewater
treatment plant sludge, and grease trap waste. 
30 Tex. Admin. Code ' 330.2(109).  Because wood is not listed as a putrescible
waste, AAA contends it is, by definition, “a collection and processing point
for . . . recyclable material,” and hence is exempt from the permit
requirements imposed by Chapter 330. 

AAA seems to suggest by its argument that because raw wood
can be recycled, it is necessarily a “recyclable material.”  However, a material is a recyclable material
depending on how the material is treated. 
Recycling is a process in which discarded material is turned into a
useful product.  Certainly, wood may
be recycled by composting.  30 Tex. Admin. Code ' 330.2(27), (115).  And if wood is being recycled, it is not
solid waste.  30 Tex. Admin. Code ' 330.2(114).  In other words, the character of the raw wood
stored on AAA=s property depends on whether it is
actually being recycled or is merely being dumped.  Here, Harris County presented evidence that
little if any wood was being recycled by AAA. 


The trial court heard evidence that AAA=s primary source of revenue came from
“tipping” fees generated when wood is dumped on their site, not from revenue
generated by the recycling of wood into mulch.[4]  In 
fact, the amount of unprocessed wood at the Morton Road facility now
ranges between 100,000 and 300,000 cubic yards of unprocessed wood.  The 1960 site has between 100,000 and 125,000
cubic yards of unprocessed wood. 
Moreover, Harris County presented testimony that no more than 1 to 2
percent of the wood has been ground into mulch, and this grinding occurred only
after AAA=s landlord and the Commission began
investigating AAA=s operation.  The
Commission characterized AAA as a sham recycling operation.








One witness testified the wood is stacked so high in places
that trucks are now driving across the top of the waste.  On one site, AAA has pushed wood into a vast
pit and is covering it with soil, showing no intent to recycle the
material.  For the recycling exemption to
apply, AAA must be actively engaged in recycling, not just claim it intends to
recycle the material.  Furthermore, when
Commission inspectors visited AAA=s facility, they noted that AAA had
no grinder for turning raw wood into mulch. 
AAA subsequently obtained a used grinder for the 1960 facility, but
rarely ground any wood. 

Whether AAA is a sham recycling operation is a question of
fact.  The trial court considered the
evidence and decided this question contrary to appellant=s position.  Having resolved the fact issue in favor of
Harris County, the trial court did not err in applying the permit requirement
of Chapter 330 to appellant.  AAA=s first issue is overruled.  

Factual and Legal Insufficiency

In its second issue, AAA contends the evidence is legally and
factually insufficient to support the trial court=s injunction.  Specifically, AAA argues it was processing
recyclable materials, not municipal solid waste, and thus was not required to
get a permit under section 330.4(a).  AAA
also contends it failed to violate section 330.5(a) because it never put
municipal solid waste into adjacent waters, created a nuisance, or endangered
the environment.

The decision to grant or deny a temporary injunction lies in
the sound discretion of the trial court, and the court=s grant or denial is subject to
reversal only for a clear abuse of discretion. 
Walling, 863 S.W.2d at 58. 
Under an abuse of discretion standard, legal and factual sufficiency
challenges are not independent reversible grounds of error, but are relevant
factors in assessing whether the trial court abused its discretion.  Beaumont Bank , N.A. v. Buller, 806
S.W.2d 223, 226 (Tex. 1991).  Thus, we
will address whether the trial court abused its discretionary authority in
ordering AAA to stop collecting solid waste. 
A trial court abuses its discretion when it acts without any guiding
rules or principles.  Id.








As discussed above, ample evidence was presented to the trial
court showing AAA was not a recycling business. 
The Commission inspector visited AAA on several occasions from November
2001 to February 2002.  The Morton Road
Facility has two large stockpiles, one of which is primarily lumber and
construction debris and the other primarily tree parts.  Each stockpile measures between fifteen and
twenty-five feet high and extends over several acres of land.  Although the recycling process may require
the material to decompose for periods of up to six months, only a minuscule
amount of the raw wood has been ground up for decomposition.

While the Commission noted that the 1960 Facility has a
grinder for recycling the raw wood into mulch, that grinder has rarely been
used.  In fact, Barry Golden, an
operations manager for AAA, testified that the grinder was used only two days
during his seven month employment. 
Furthermore, the first time the Commission saw any grinding at this
location was on February 21, 2002, seven days after Harris County filed this
lawsuit.

AAA also contends that Harris County failed to present any
evidence showing AAA violated section 330.5(a), which forbids solid waste
facility operations that cause (1) “the discharge or imminent threat of
discharge of municipal solid waste into or adjacent to the waters without
specific permission from the commission; or (2) the creation and maintenance of
a nuisance; or (3) the endangerment of the human health and welfare or the
environment.” 30 Tex. Admin. Code ' 330.5(a)(1B3). 


Harris County offered ample evidence, however, of a section
330.5(a) violation.  First, the
Commission had previously cited AAA on two occasions for putting waste, such as
tree parts, into a pond at the 1960 Facility. 
Harris County offered evidence that as unprocessed wood degrades, it can
emit various contaminants such as hydrogen sulfide and ammonia that can then
enter both surface and groundwater.








Additionally, Thomas Petty, fire and arson investigator with
the Harris County Fire and Emergency Services Department, determined that both
sites posed an unacceptable fire hazard because neither site had a sufficient
water supply for fire suppression operations. 
Moreover, AAA had no fire prevention plan, and the unprocessed wood was
too close to the property line.  Petty
admitted that AAA had purchased a pumper tanker truck, but he did not know if
it could provide a sufficient supply of water to fight a fire if one
occurred.  Finally, although Petty had
never seen fires at either location, the land owner of the Morton Road Facility
testified that he had seen several fires on the site and had actually helped
fight one fire that burned for at least two days.  

We find, therefore, that the trial court did not abuse its
discretion in granting the temporary injunction when, as in this case, the
original petition alleges a violation or threat of violation of Chapter 330 of
the Texas Administrative Code and the Commission (the party seeking the
injunction) presented evidence tending to sustain the cause of action.  RP & R, Inc. v. Territo, 32 S.W.3d
396, 400 (Tex. App.CHouston [14th Dist.] 2000, no pet.).  AAA=s second issue is overruled.

Activities of Another Party 

In its third issue, AAA argues the injunction is based on
activities of a third partyCAAA=s landlord, who began filling a sand pit located on the
Morton Road Facility property with soil. 
Because AAA had already dumped some of its raw wood into the sand pit,
the wood has been partially covered with soil. 
AAA contends that only the person who is committing an environmental
violation can be enjoined.  Thus, AAA
claims the trial court=s power to enjoin, if any, extended only to the owner of the
Morton Road property.

After reviewing the terms of the injunction, however, we find
the trial court enjoined activities for which AAA is responsible.  AAA pushed the debris into the pit, not the
landowner.  AAA is the party that
continues to accept additional wood at its facilities, not the landowner.  If AAA is out of space to store more wood, it
is because AAA has made no serious attempt at recycling the wood.  Thus, AAA=s argument lacks merit, and its third
point is overruled.








Balancing the
Equities

AAA next contends that because Harris
County failed to show that AAA violated any statutory regulations, the balance
of equities favors AAA=s continued collection of raw materials.  Again, we have already found that Harris
County presented the trial court with abundant evidence showing AAA=s violation of Chapter 330.  Accordingly, the trial court did not abuse
its discretion in issuing the temporary injunction.  Hartwell=s Office World v. Systex Corp., 598 S.W.2d 636 (Tex. App.CHouston [14th Dist.] 1980, writ ref=d n.r.e.).  Appellant=s fourth issue is overruled.  

The judgment of the trial court is affirmed.

 

 

 

/s/        J. Harvey Hudson

Justice

 

 

 

Judgment rendered
and Opinion filed December 12, 2002.

Panel consists of
Chief Justice Brister and Justices Hudson and Fowler.

Do Not Publish C Tex.
R. App. P. 47.3(b).











[1]  The
Commission has authority to file suit and seek injunctive relief if it shows a
violation or threat of a violation of Chapter 361 of the Texas Health and
Safety Code and Chapter 330 of the Texas Administrative Code.  See Tex. Water Code Ann. ' 7.032(b), (d); ' 7.35
(a) (Vernon 2000).  





[2]  Chapter 332 of
the Texas Administrative Code does not require a permit for a facility engaged
in composting, which includes mulching, unless the facility adds any mixed
municipal solid waste in the composting process.  30 Tex. Admin. Code '
332.41(a)(2).





[3]  We assume AAA=s raw materials could not be characterized as
industrial raw materials, and thus fall outside of Chapter 330 regulations,
because AAA failed to address the issue in its brief and nothing in either
party=s brief suggests otherwise.  





[4]  One way
recyclable material can become solid waste if it is abandoned or disposed,
rather than recycled.  30 Tex. Admin. Code ' 330.2(114). 
AAA contends it has not Aabandoned@ its raw
material, and thus the wood on its facilities is not solid waste.   Harris County, however, has never alleged
that AAA abandoned its materials.  Harris
County has only alleged that AAA is illegally storing solid waste on its
property with no intention of actually recycling it.